EDWARD H. EVANS et al., Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 38504.)

Fourth Department, May 14, 1964.

*Griffith & Pileckas (Paul L. Pileckas* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* of counsel), for respondent.

*Per Curiam.* Claimants own 188 acres of land on both sides of a State highway in the Town of Florence. Prior to 1960 the highway was on the same level as the abutting lands of claimants. In that year the road was reconstructed and elevated from two to nine feet above a portion of claimants' adjoining property.

We are here concerned with claimed damage for loss of access to a parcel adjacent to the highway on the east. The expert witnesses called by both parties agreed that the highest and best use of this acreage was for potential residential development. The experts further agreed that such use would have been limited to a depth of 200 feet east from the highway but disagreed as to the foot frontage so available because of the presence of a small stream near the southerly end of the parcel.

There is no disagreement that prior to the rebuilding of the road this parcel had access to the highway at grade. There was

proof that claimants had sold one lot at the northerly end of their property and a residence had been built thereon. After the highway construction the tract was deprived of all adequate access for its highest and best use. The State's expert testified that " the (highway) construction changed the highest and best use of the road frontage area having a home site potential to that of agricultural " and fixed the amount of claimants' damage in the sum of $2,300.

The trial court in dismissing the claim reasoned that there was no proof that claimants had exercised access to the highway prior to its reconstruction and held that claimants were not entitled to damages because their property did not have direct access to the highway citing *Nettleton Co.* v. *State of New York* (11 A D 2d 899). All of this missed the point. *Nettleton* and similar decisions (*Selig* v. *State of New York,* 10 N Y 2d 34; *National Biscuit Co.* v. *State of New York,* 14 A D 2d 729, affd. 11 N Y 2d 743, cert. den. 370 U. S. 924; *Meloon Bronze Foundry* v. *State of New York,* 6 A D 2d 993, 10 A D 2d 905 and *Hall & McChesney* v. *State of New York,* 15 Misc 2d 748, affd. 11 A D 2d 899, mot. for lv. to app. den. 8 N Y 2d 710) are authority for the principle as enunciated in *Selig* (*supra,* p. 39) that " Damages resulting merely from circuity of access are considered as *damnum absque injuria* (citing cases). To be compensable, the damages must be the direct result of a change in grade ".

Here it is substantially conceded that the acts of the State deprived claimants of the best use of a portion of their lands and left the tract unusable for that purpose because of the absence of suitable access. An abutting owner may not be deprived of such access without compensation. (*Egerer* v. *New York Cent. & Hudson Riv. R. R. Co.,* 130 N. Y. 108, 112.)

Finally, there is no merit to the State's contention upon this appeal that the present access road terminating at the northern boundary of claimants' lands may be extended southerly by claimants to gain access to the acreage substantially landlocked for its best use. No such defense was offered upon the trial and there is no proof upon which such a finding might be made. Morever, an examination of the photographs discloses that construction of such an access road would necessitate substantial excavation of a portion of the embankment supporting the new highway.

We find that claimants had a frontage of 350 feet that was potentially usable for residential development. The experts for both parties fixed a property value for such use at $10 per front foot. We accept this figure and find the value of the tract before the highway construction to be $3,500. We find the value of the

parcel after such construction for use for agricultural purposes to be the sum of $400 with resulting damage to claimants in the sum of $3,100.

The judgment should be reversed on the law and facts and judgment directed in favor of claimants in the sum of $3,100, with costs.

BASTOW, J. P., GOLDMAN, HENRY, NOONAN and DELVECCHIO, JJ., concur.

Judgment unanimously reversed on the law and facts and judgment directed in favor of the claimants for $3,100, with costs to claimants. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.